UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
        **Plaintiff**
v.                                                               Case Number 8:07CR258-001

                                                                 USM Number 21712-047

**LATASHA DORTCH**
        **Defendant**
                                                                 DONALD L. SCHENSE

                                                                 Defendant's Attorney

_____

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT** pleaded guilty to counts I, III, IV and V of the Indictment on January 4, 2008.

**ACCORDINGLY,** the Court has adjudicated that the defendant is guilty of the following offenses:

| Title, Section & Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|
| 21:846 and 18:2 CONSPIRACY | July 16, 2007 | I |
| 18:1001(a)(2) MAKING FALSE STATEMENTS | May 8, 2007 | III |
| 21:853 FORFEITURES | May 8, 2007 | IV |
| 18:924(d) and 28:2461(c) FORFEITURE | May 8, 2007 | V |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count II of the Indictment is dismissed on the motion of the United States.

The Final order of forfeiture as to Counts IV and V was entered on April 2, 2008.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
September 15, 2008

s/Laurie Smith Camp
United States District Judge

September 17, 2008

Defendant: LATASHA DORTCH  
Case Number: 8:07CR258-001  
Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **48 months on count I and 48 months on count III which are grouped pursuant to U.S.S.G. § 3D1.2(c). The term of imprisonment shall be served concurrently.**

The Court makes the following recommendations to the Bureau of Prisons:

1. That the defendant participate in the 500-hour Comprehensive Drug Treatment Program or any similar drug treatment program available.

2. That the defendant be incarcerated in a federal facility as close to **Tallahassee, Florida or West Virginia** as possible.

3. Defendant shall be given credit for time served.

The defendant is remanded to the custody of the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, _____

_____  
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the _____ day of _____, _____ to _____, with a certified copy of this judgment.

_____  
UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, _____

_____  
UNITED STATES WARDEN

By:_____

Defendant: LATASHA DORTCH  Page 3 of 6
Case Number: 8:07CR258-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years on count I and 3 years on count III to be served concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with standard conditions that have been adopted by this Court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the Court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may

Defendant: LATASHA DORTCH                                                                                          Page 4 of 6
Case Number: 8:07CR258-001

be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to the Public Law 108-405 (Revised DNA Collection Requirements Under the Justice for All Act of 2004), if such sample was not collected during imprisonment.

2. Paragraph # 7 of the Standard Conditions of supervision is modified, i.e., instead of merely refraining from excessive use of alcohol, the defendant shall not purchase or possess, use, distribute, or administer any alcohol, just the same as any other narcotic or controlled substance.

3. The defendant shall submit his or her person, residence, office, or vehicle to a search conducted by a United States Probation Officer at any time; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

4. The defendant shall attend, pay for and successfully complete any diagnostic evaluations, treatment or counseling programs, or approved support groups (e.g., AA/NA) for alcohol and/or controlled substance abuse, as directed by the probation officer.

5. The defendant shall participate in a victim awareness program as directed by the probation officer. Based on the defendant's ability to pay, the defendant shall pay for the costs of the program in an amount determined by the probation officer.

6. The defendant shall not associate with any member, prospect, or associate member of any criminal street gang. If the defendant is found to be in the company of such individuals while wearing the clothing, colors, or insignia of any known criminal street gang, the Court will presume that this association was for the purpose of participating in illegal gang activities.

7. The defendant shall provide the probation officer with access to any requested financial information.

8. Pursuant to 18 U.S.C. § 3583 (d), the defendant shall submit to a drug test within fifteen (15) days of release on supervised release and at least two (2) periodic drug tests thereafter to determine whether the defendant is using a controlled substance. Further, the defendant shall submit to such testing as requested by any probation officer to detect the presence of alcohol or controlled substances in the defendant's body fluids and to determine whether the defendant has used any of those substances. Based on the defendant's ability to pay, the defendant shall pay for the collection of urine samples to be tested for the presence of alcohol and/or controlled substances in an amount to be determined by the probation officer.

9. The defendant shall report to the Supervision Unit of the U.S. Probation Office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 111 South 18th Plaza, Suite C79, Omaha, Nebraska, (402) 661-7555, within seventy-two (72) hours of release from confinement, and, thereafter, as directed by the probation officer.

Defendant: LATASHA DORTCH  Page 5 of 6
Case Number: 8:07CR258-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200.00 | | |

The Court has determined that the defendant does not have the ability to pay interest and it is ordered that:

interest requirement is waived.

### FINE

No fine imposed.

### RESTITUTION

No restitution was ordered.

Following the imposition of sentence, the Court advised the defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

Defendant: LATASHA DORTCH  Page 6 of 6
Case Number: 8:07CR258-001

## SCHEDULE OF PAYMENTS

The defendant shall pay the special assessment in the amount of $200.00.

The criminal monetary penalty is due in full on the date of the judgment.  The defendant is obligated to pay said sum immediately if he or she has the capacity to do so.  The United States of America may institute civil collection proceedings at any time to satisfy all or any portion of the criminal monetary penalty.

Without limiting the foregoing, and during the defendant's term of incarceration, the defendant shall participate in the Bureau of Prisons' Financial Inmate Responsibility Program.  Using such Program, the defendant shall pay 50% of the available inmate institutional funds per quarter towards the criminal monetary penalty.

Without limiting the foregoing, and following release from prison, the defendant shall make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $100 or 3% of the defendant's gross income, whichever is greater; (b) the first payment shall commence 30 days following the defendant's discharge from incarceration, and continue until the criminal monetary penalty is paid in full; and (c) the defendant shall be responsible for providing proof of payment to the probation officer as directed.

Any payments made on the outstanding criminal monetary penalty shall be applied in the following order of priority: special assessment; restitution; fine; and other penalties.  Unless otherwise specifically ordered, all criminal monetary penalty payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to the clerk of the Court.  Unless otherwise specifically ordered, interest shall not accrue on the criminal monetary penalty.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, 111 S. 18th Plaza, Suite 1152, Omaha, NE 68102-1322.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall inform the probation officer of any change in his or her economic circumstances affecting the ability to make monthly installments, or increase the monthly payment amount, as ordered by the Court.

The defendant is restrained from transferring any real or personal property, unless it is necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty.
       The defendant shall forfeit the defendant's interest in the following property to the United States:  **$38,775.00 in U.S. Currency and .357 Magnum, serial number 163902**

CLERK'S OFFICE USE ONLY:
ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk